UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SAMUEL LEON BLACK,

    Plaintiff,

v.                                        Case No. 4:22-cv-92-MW/MJF

TONY A. WEAVER,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Because it is apparent from the face of Plaintiff Samuel Leon Black's ("Black") first amended complaint that the diversity-of-citizenship requirement is not satisfied in this medical-malpractice case, the undersigned recommends that the District Court dismiss this action without prejudice.[1]

**I. BACKGROUND**

On March 25, 2022, Black, proceeding *pro se*, filed a first amended complaint. Doc. 5. Black is asserting a medical-malpractice claim against Dr. Tony A. Weaver, an ophthalmologist at Eye Associates of Tallahassee, P.A. *Id.* at 2. Black's factual allegations are difficult to decipher, but he appears to allege that Dr. Weaver

---

[1] The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b).

damaged Black's right retina during cataract surgery. *Id.* at 5. Black apparently was unaware of the damage until another doctor mentioned it. *Id.* at 6. As relief, Black requests $3 million for pain and suffering. *Id.* at 4.

## II. Discussion

Black attempts to invoke the District Court's subject-matter jurisdiction. Federal courts are courts of limited jurisdiction, and they possess only the power authorized by the Constitution and Congress. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, before addressing the merits of the complaint, a federal court must assure itself that it enjoys subject-matter jurisdiction over the plaintiff's claims. *Allapattah Servs., Inc.*, 545 U.S. at 552; *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (noting that a district court "should inquire into whether it has [subject-matter] jurisdiction at the earliest possible stage in the proceedings"). "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868).

The party invoking a federal court's jurisdiction bears the burden for establishing subject-matter jurisdiction. *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1247 (11th Cir. 2005). That party must affirmatively allege facts that,

taken as true, show the existence of subject-matter jurisdiction. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013); *see* Fed. R. Civ. P. 8(a)(1) (requiring a pleading to state a "short and plain statement of the grounds for the court's jurisdiction").

Diversity-of-citizenship jurisdiction, one basis for federal subject-matter jurisdiction, requires (1) complete diversity of the parties' citizenship and (2) an amount in controversy exceeding $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Under the complete-diversity requirement, courts look to a natural person's domicile for citizenship. *Travaglio*, 735 F.3d at 1269. Domicile "requires both residence in a state and 'an intention to remain there indefinitely.'" *Id.* (quoting *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002)). "An individual can have only one domicile at a time." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 635 (7th Cir. 2021) (citing *Williamson v. Osenton*, 232 U.S. 619, 625 (1914)).

According to Black's first amended complaint, he is a citizen of Florida and Dr. Weaver is a citizen of Florida. Doc. 5 at 3-4. Because there is no diversity of citizenship between Black and Dr. Weaver, the District Court lacks subject-matter jurisdiction over Black's medical-malpractice claim. Furthermore, although Black checked the "Federal Question" box as the basis for the District Court's jurisdiction, Black does not assert a claim under the Constitution or the laws of the United States,

nor does it appear that Black has a viable claim under the Constitution or the laws of the United States.[2]

The District Court, therefore, should dismiss Black's first amended complaint without prejudice for lack of subject-matter jurisdiction.[3]

### III. CONCLUSION

Because it is apparent from the face of Black's first amended complaint that the diversity-of-citizenship requirement is not satisfied in this action, the undersigned respectfully **RECOMMENDS** that the District Court:

1.  **DISMISS** this case without prejudice for lack of subject-matter jurisdiction.

2.  Order the clerk of the court to close this case.

---

[2] The undersigned previously warned Black that the District Court likely lacked subject-matter jurisdiction over his claims. Doc. 4 at 3-5.

[3] To the extent that Black is suing Eye Associates of Tallahassee, P.A., his first amended complaint still should be dismissed for lack of subject-matter jurisdiction. A "corporation is a citizen of any state in which it is incorporated and of the state 'where it has its principal place of business.'" *Ranbaxy Laboratories Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (quoting 28 U.S.C. § 1332(c)(1)). "Principal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). According to Black's first amended complaint, Eye Associates of Tallahassee, P.A., is a Florida corporation with its principal place of business in Florida. Doc. 5 at 4; *see* FLORIDA DEPARTMENT OF STATE, https://dos.myflorida.com/sunbiz/search/ (follow "Name" hyperlink; then search by "Entity Name") (noting that Eye Associates of Tallahassee, P.A., is incorporated in Florida).

At Pensacola, Florida, this <u>29th</u> day of March, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. R. 3-1; 28 U.S.C. § 636. If the parties dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**